**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| eNeura, Inc., ) | Case No. 20-11930 (BLS) |
| Debtor. ) | |

Objection Deadline: October 14, 2020 at 4:00 p.m.
Hearing Date: October 21, 2020 at 9:00 a.m.

**MOTION OF TRUSTEE TO**
**EXTEND TIME TO ASSUME OR REJECT EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASES OF PERSONAL**
**PROPERTY PURSUANT TO SECTION 365(D)(1) OF THE BANKRUPTCY CODE**

Jeoffrey L. Burtch, the trustee (the "Trustee") in the above-captioned case (the "Debtor"), moves this Court (the "Motion"), pursuant to section 365(d)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), to extend the time to assume or reject executory contracts and unexpired leases of personal property. In support of the Motion, the Trustee respectfully represents as follows:

**JURISDICTION**

1.     This Court has jurisdiction to entertain this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate for the relief requested herein is section 365(d)(4) of the Bankruptcy Code along with Bankruptcy Rule 9006(b)(1).

**GENERAL BACKGROUND**

2.     On August 7, 2020, the Debtor filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

3.      Jeoffrey L. Burtch was appointed as interim trustee for the Debtor pursuant to Section 701 of the Bankruptcy Code. Following the conclusion of the meeting of creditors on September 10, 2020, Mr. Burtch serves as the trustee (the "Trustee") pursuant to Section 702(d).

4.      Since the date of his appointment, the Trustee has been pursuing the sale of substantially all the assets of the Chapter 7 estate (the "Assets"). While at this time there is no formal deadline for a bid on the Assets, the Trustee intends to sell the Assets as soon as possible. Interested parties have been in frequent communications with the Trustee concerning the potential purchase of the Assets. Non-disclosure agreements have been executed by representatives of potential purchasers and bids for the Assets are being accepted.

5.      The Trustee serves as a fiduciary for the creditors of this chapter 7 estate (the "Estate"). His top priority is liquidating the Assets to maximize the value of those assets in his business judgment, and to do so in an expedited time frame that is consistent with the desire to minimize the expenses and costs necessary to maintain the status quo of those assets prior to the consummation of such a sale in this chapter 7 case (the "Case").

6.      The Debtor is a party under several executory contracts ("Contracts") and/or unexpired leases of personal property ("Leases").[1] A list of those Contracts and Leases is attached to the Proposed Order as <u>Exhibit A.</u> Upon information and belief, these Contracts and Leases are held in connection with the general operations of the Debtor's prior business. In light of the potential importance of the Contracts and Leases to the sale value of Assets, an additional

---

[1] Nothing set forth herein is intended to be an admission on the part of the Trustee that any Lease or Contract is, in fact, an unexpired personal property lease or an executory contract. The Trustee reserves any and all rights to assert that any agreement on Exhibit A requires extension. The Trustee is serving this Motion upon all known parties to the Leases and Contracts that the Trustee identified by the Debtor in the books and records (the "Counterparties"). However, even in the event that any Counterparty may have been omitted from the service through inadvertence, clerical error or for other reasons, this Court may enter an order extending the time in which the Trustee may assume or reject such Leases or Contracts, so long as the Trustee has made a good-faith effort to identify and serve all known Counterparties. See In re American Healthcare Management, Inc., 900 F.2d 827, 830 (5th Cir. 1990) (holding that order extending time for debtor to assume or reject leases may be entered by the Bankruptcy Court without affording other parties notice and a hearing).

time period in which the Trustee must decide whether to assume or reject the Contracts and Leases is in the best interest of the Estate in this Case, and is important to preserving the potential value of a sale of the Assets for the benefit of creditors of the Estate.

### **RELIEF REQUESTED AND BASIS THEREFORE**

7. Section 365(d)(1) of the Bankruptcy Code provides:

> In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

11 U.S.C. § 365(d)(1).

8. Thus, the Trustee has 60 days from the petition date (August 7, 2020) from within which to assume or reject a Contract or Lease (the "Assumption/Rejection Period"). The Trustee calculates this date to be October 6, 2020 (the "Assumption/Rejection Deadline").

9. The Trustee requests entry of an order, pursuant to section 365(d)(1) of the Bankruptcy Code, granting a 90-day extension of the Assumption/Rejection Deadline through and including January 4, 2021. Any such extension of the Assumption/Rejection Deadline is further without prejudice to the rights of the Trustee to seek further extensions of the time to assume or reject the Contracts or Leases. Any such extension is without prejudice to any argument that: (1) the Debtor was not a party to one or more any of the Contracts or Leases; (2) with respect to one or more of the Contracts and Leases, that the contract or lease is not unexpired, or that there is no legally binding contract or lease; and (3) any argument that any contract or lease listed on Exhibit A is not executory in nature.

10. Upon a showing of "cause," the Court may grant an extension of the Assumption/Rejection Period. Section 365(d)(1). With respect to the "cause" standard of section 365(d)(1), whether to grant the extension is within the discretion of the Court. Some

factors to be taken into account in determining whether cause exists for extending the period under § 365(d) include whether (1) the lease or contract is a primary asset of the estate; (2) additional time is required so that the Trustee may act intelligently in determining whether to assume or reject; (3) the case is complex and involves large numbers of leases.  See, e.g. Legacy, Ltd. v. Channel Home Ctrs., Inc. (In re Channel Home Ctrs., Inc.), 989 F.2d 682 (3d Cir. 1993), cert. denied, 510 U.S. 865 (1993); In re Wedtech Corp., 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987); see also South St. Seaport L. P. v. Burger Boys. Inc. (In re Burger Boys Inc.), 94 F.3d 755, 761 (2d Cir. 1996) (considering the complexity of the debtors' cases, the number of leases the debtors must evaluate and the need for judicial determination of whether a lease exits); Vermont Partners, LTD. v. Thaler (In re Poseidon Pool & Spa Recreation, Inc.), 377 B.R. 52, 61 (E.D.N.Y. 2007) (in exercising its discretion to grant an extension, bankruptcy courts must consider several factors)

11.    There is more than ample cause for this extension.  The Trustee has been involved in these cases for less than 60 days.  The Trustee needs additional time to evaluate whether to assume or reject these Contracts and Leases in an effort to maximize potential value to the Estate.  The Trustee is in discussions with prospective purchasers concerning the sale of the Assets.  Each such prospective purchaser will be exercising its own business judgment as to which, if any, contracts or leases it would like to assume.  The Trustee does not know which prospective purchaser will be the successful purchaser, as may be subsequently approved by this Court after notice and a motion.  Therefore, out of an abundance of caution, the Trustee seeks to extend the time under section 365(d)(1) with respect to all the Contracts and Leases.  This will maintain and maximize the value of the assets of these Estate for all prospective purchasers.

Such maximization of value is in the best interests of the creditors of the Estate. Accordingly, it is critical that the status quo be maintained.

12. The Trustee respectfully submits that the foregoing reasons establish more than sufficient cause as contemplated by section 365(d)(1) of the Bankruptcy Code and that the Court should extend the Assumption/Rejection Deadline without prejudice to the Trustee's right to seek further extensions of the deadline as provided in section 365(d)(1) of the Bankruptcy Code. Any such extension would further be without prejudice to: (1) the rights of any party to argue that the Debtor was not a party to any of the Contracts or Leases; (2) the rights of any party to argue that with respect to one or more of the Contracts and Leases, that there is no legally binding contract or lease; and (3) any argument that any contract listed on <u>Exhibit A</u> is not executory in nature.

WHEREFORE, the Trustee respectfully requests entry of an order in the form annexed hereto granting the Trustee a 90 day extension of the deadline to assume or reject all executory contracts and unexpired leases of residential real property and personal property through and including January 4, 2021; and such other and further relief as is just and proper.

                                        LAW OFFICE OF SUSAN E. KAUFMAN, LLC

                                        */s/ M. Claire McCudden*
                                        M. Claire McCudden, (DSB# 5036)
                                        919 North Market Street, Suite 460
                                        Wilmington, DE 19801
                                        (302) 472-7420
                                        (302) 792-7420 Fax
                                        cmccudden@skaufmanlaw.com

                                        Proposed counsel to Jeoffrey L. Burtch, Chapter 7 Trustee

Dated: September 30, 2020